UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOHN RUSSELL KRIDER,
            *Plaintiff-Appellant,*

v.

W. K. MARSHALL; FRANK YOUNG;
OTHER UNKNOWN DEFENDANTS,
            *Defendants-Appellees.*

No. 00-2429

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CA-99-845-2)

Submitted: April 30, 2001

Decided: May 23, 2001

Before TRAXLER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

## COUNSEL

Joseph C. Cometti, Charleston, West Virginia; John G. Hackney,
Charleston, West Virginia, for Appellant. Ancil G. Ramey, Jeffrey K.
Phillips, Michael D. Mullins, STEPTOE & JOHNSON, P.L.L.C.,
Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

John Russell Krider asserts West Virginia State Police Trooper W. K. Marshall used excessive force during Krider's arrest in 1997 for speeding, fleeing an officer, and reckless driving. Krider sued Marshall under 42 U.S.C.A. § 1983 (West Supp. 2000) and the district court granted Marshall's motion for summary judgment. This appeal followed.

The parties agree, for purposes of summary judgment, that Marshall saw Krider speeding and attempted to pull him over. Krider attempted to elude arrest by driving off the road and hiding behind a haystack for thirty to forty minutes. He emerged from the haystack and, after either one or two requests from Marshall, he exited his vehicle and submitted to handcuffing.*

The parties differ as to what happened when Marshall handcuffed Krider. Krider alleged Marshall inflicted gratuitous pain while handcuffing Krider by grabbing his wrists, pulling his arms up into an unnatural position, and forcefully shoving Krider into the side of his vehicle. Marshall, on the other hand, claimed that he would not have raised Krider's hands above the level of his belt to handcuff him; he also stated he did not recall pushing Krider against his truck. The district court rejected Krider's allegation based on contrary assertions by Marshall and by resolving disputed facts in the light most favorable to the moving party. In view of the materiality of the conflicting evidence, however, the district court should not have resolved the conflicting versions of events on summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

---

*As the district court notes, Marshall initially thought Krider might be a felon for whom the police had been looking. However, when Krider emerged from behind the haystack, *before* Marshall handcuffed him, Marshall saw that Krider was not the felon in question.

The district court committed similar error by concluding that Krider's injuries were insufficient to support a conclusion that excessive force had been employed by Marshall. Krider filed a medical report describing that he suffered permanent neck, back, and shoulder injuries following his arrest that were consistent with his version of the manner in which he was handcuffed. The inference that is suggested by this report, although not compelled, is that Marshall's actions directly caused Krider to suffer significant and permanent physical impairments. By finding that Krider failed to demonstrate to a reasonable degree of medical certainty that his injuries were caused by Marshall, however, the district court improperly resolved an inference from the evidence in a light most favorable to the moving party rather than the non-moving party. *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996) (en banc) (requiring trial court to assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party).

Accordingly, the district court's conclusions that Marshall behaved reasonably, that Krider's injuries did not support a finding that Marshall used excessive force, and that Marshall was entitled to the protection offered by the defense of qualified immunity rest upon an improper resolution of genuine issues of material fact on summary judgment. We thus vacate the court's order as to Krider's excessive force claim. In doing so, we express no opinion regarding the ultimate merits of Krider's claim. We affirm the district court's grant of summary judgment in favor of Marshall on Krider's property damage claim on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED*
*AND REMANDED IN PART*